## NEW YORK COMMON PLEAS.

WILLIAM H. LEWIS, assignee of the BROADWAY BANK agt. THE PARK BANK.

The mere designation by the *chamberlain* of the city of New York of a *bank* under his official bond pursuant to the act of 1860 (*Sess. L.* 1860, *chap.* 477, *p.* 953), does not devolve any duty upon the bank, and consequently gives it no right. Its duty, and its right and interest, commence when money is actually deposited with and accepted by it. It then becomes a depository.

*New York Special Term, December,* 1865.

·THE complaint in this action claims that the Broadway Bank, the plaintiff's assignor, was entitled to damages or interest on the funds of the city, which had been deposited by the city chamberlain with the defendants, and which the defendants held pending a mandamus issued on the relation of Chamberlain Devlin to obtain possession of said funds, said Devlin having designated the Broadway Bank as the depository of the moneys which he should receive in his official capacity.   The Broadway Bank assigned the claim to Lewis, the plaintiff; the case came up on defendants' demurrer.

STILLWELL & SWAIN, *and* JOHN E. BURRILL, *for plaintiff.*
TOWNSEND & HYATT, *and* J. W. EDMONDS, *for defendants.*

CARDOZO, J.   I think it is an error to suppose that the Broadway Bank, the assignor of the plaintiff, had any legal right whatever, until the money had actually been deposited with it by the chamberlain, and as that error lies at the basis of this action, the defendant is entitled to judgment on the demurrer.   An examination of the act of 1860 (*chap.* 477, *p.* 953), shows that the deposits are to be made by the chamberlain, from time to time, as received by " him."   The designated bank is to receive the deposits from the chamberlain, not from any one else.   It is a mistake to term the bank a " depository " of the money until it has actually been deposited.   The chamberlain, by virtue ·of his office, may have the right to demand the possession of money belonging to the city, to deposit in the bank he designates, under his official bonds, but that was his right and not the bank's, and could not confer any interest or right of action on the latter.   Until money has actually been received by the chamberlain, and deposited by him, it being his duty "without delay," upon its receipt to make the deposit, it is only a question of the performance of his official duty.   It may be, though I express no opinion on

the point, that the city or the chamberlain might have maintained, and that perhaps it was his duty to bring an action against the Park Bank to recover the deposits, with interest, for the benefit of the public; but until the deposits actually reached the Broadway Bank, it had no interest in them. This seems to me to be clear from another consideration. The mere designation by the chamberlain of a bank under his official bond, pursuant to the above mentioned statute, did not devolve any duty upon the bank. It was not obliged to receive, and might refuse to accept the deposits. The designation, therefore, imposed no duty, and consequently gave no right. Its duty and its right commenced when money was actually deposited with and accepted by it. Then it became a depository.

The mandamus mentioned in the complaint was a proceeding not upon the part or behalf of the Broadway Bank, but upon the relation of Mr. Devlin, the chamberlain; and in the absence of any averment showing that the supreme court decided anything more in that matter, I think the whole effect of that proceeding was to establish the right of the chamberlain to change the bank of deposit, and to transfer the money, of which he is the legal custodian, to the newly selected bank. I do not see that any right of the Broadway Bank was passed upon in that matter.

Judgment for defendant on demurrer, with costs.